**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Polly Ann Conner BAUTISTA, Defendant—Appellant.**

No. 02–10484.

D.C. No. CR–01–00174–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 15, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Polly Ann Conner Bautista appeals the district court's two-level upward departure

following her guilty plea conviction for identity theft in violation of 18 U.S.C. § 1028, and for passing an altered postal money order in violation of 18 U.S.C. § 500. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review de novo the district court's interpretation of the Sentencing Guidelines, we review the district court's factual findings in the sentencing phase for clear error, and we review for an abuse of discretion the district court's application of the law to the facts of a particular case. *United States v. Pirello*, 255 F.3d 728, 731 (9th Cir.2001). We affirm.

Bautista contends that the district court erred in interpreting the Guidelines to allow an upward departure pursuant to U.S.S.G. § 2B1.1, Application Note 15, because the mandatory enhancement of U.S.S.G. § 2B1.1(b)(9)(C)(i) already took into consideration the non-monetary impact of her actions. We disagree. The district court properly interpreted the Guidelines as encouraging an upward departure under the circumstances present here, where Bautista's offense caused her victim serious harm and inconvenience. *See* U.S.S.G. § 2B1.1, cmt. n. 15(A)(vii) (2001).

The district court did not abuse its discretion in applying the departure because "a sentencing court may depart upward from the sentence dictated by the Sentencing Guidelines if an aggravating factor or circumstance ... is of a kind not adequately taken into consideration by the Sentencing Guidelines." *United States v. Scrivener*, 189 F.3d 944, 951 (9th Cir.1999) (allowing departure for telemarketing

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Bautista's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fraud on elderly in addition to enhancement for vulnerable victims).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.